UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-20525

DERWUIN ENRIQUE SALAS CHIRINOS,

    Plaintiff,

vs.

KELLY GLASS & MIRROR, CORP,
KELLY A. SANTAMARIA, and
CARLOS R. SANTAMARIA,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Derwuin Enrique Salas Chirinos, sues Defendants, Kelly Glass & Mirror, Corp, Kelly A. Santamaria, and Carlos R. Santamaria, as follows:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Derwuin Enrique Salas Chirinos**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who consents to join in this lawsuit.

2.    **Defendant, Kelly Glass & Mirror, Corp,** is a Florida for-profit corporation that is authorized to conduct and that actually conducts its installation business throughout this District, with an office / place of business within Miami-Dade County, Florida, and it is *sui juris*.

3.    **Defendant, Kelly A. Santamaria**, was at all material times a resident of this District; he was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's wages.

1

4. **Defendant, Carlos R. Santamaria**, was at all material times a resident of this District; he was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's wages.

5. Defendants were direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed the Plaintiff.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants employed Plaintiff in this District, because Plaintiff worked in this District, because Defendants paid Plaintiff in this District, and because most of the actions complained of occurred within this District.

7. This Court has original jurisdiction over Plaintiff's federal question claim and pendent/supplemental jurisdiction over his related Florida state-law claims.

*Background Facts*

8. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

9. Defendants, in the course of their purchase, fabrication, and installation of glass and materials have been at all times material engaged in interstate commerce.

10. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

11. Defendants also advertise their services on the Internet at http://kgmcorp.net/ site that Defendants registered through Domainpeople, Inc., a foreign corporation.

12. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

13. Plaintiff worked for Defendants as an "installer" who installed interior glass enclosures and decorative glass items from January 26, 2016 to February 16, 2016 and from June 20, 2016 to November 14, 2016.

14. During this time, Plaintiff utilized glass, adhesives, fasteners, hinges, handles, gaskets, plastics, brackets, metals, and rubberized materials that traveled in interstate commerce prior to his use and installation of them for Defendants.

15. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendants' exclusive custody.

16. Plaintiff and Defendants agreed that Plaintiff's hourly rate would be $11.00/hour when he started working for them.

17. Defendants then increased Plaintiff's hourly rate to $12.00/hour.

18. In addition, Defendants agreed to pay Plaintiff a piece rate of $40 per "regular" bathroom (those without a bathtub) and 60.00 for "larger" bathrooms (those with a bathtub) while he worked in Naples, Florida.

19. Plaintiff routinely worked 50 to 60 hours per week without receipt of overtime pay at a rate of one and one-half times his regular rate of pay.

20. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com

21. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I – FLSA OVERTIME VIOLATION**

Plaintiff, Derwuin Enrique Salas Chirinos, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

22. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

23. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of one and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

24. Defendants either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime pay he earned.

25. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Derwuin Enrique Salas Chirinos, demands the entry of a judgment in his favor and against Defendants, Kelly Glass & Mirror, Corp, Kelly A. Santamaria, and Carlos R. Santamaria, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages for all overtime work performed for the

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

Defendants within the past three years as provided under the law and in 29 U.S.C. § 216(b)

b. That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. All interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

**COUNT II – BREACH OF CONTRACT**
**(Against Kelly Glass & Mirror, Corp)**

Plaintiff reincorporates and re-alleges paragraphs 1 through 21 as though set forth fully herein and further alleges as follows:

26. Plaintiff and Defendant, Kelly Glass and Mirror, Corp, agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate him based upon his hourly rate of $12.00 for each hour worked, plus a piece rate of $40 for each completed bathroom without a bathtub and $60 for each completed bathroom with a bath tub while he worked for Defendants in Naples, Florida.

27. Plaintiff performed under the parties' contract/agreement by performing work for Defendant as aforesaid.

28. Defendant, Kelly Glass and Mirror, Corp, has failed and refused to pay Plaintiff

5

the total aggregate amount of $2,580.00 for the piece rate owed to him for the bathrooms he completed, despite his demand for same, thereby breaching the Contract.

29. Plaintiff has been damaged in the amount of $2,580.00 as a result of Defendants' failure to pay her the agreed-upon amount by failing to pay her the money that she earned.

WHEREFORE Plaintiff, Derwuin Enrique Salas Chirinos, demands that this Court enter a judgment in her favor and against Defendant, Kelly Glass & Mirror, Corp, for the wages owed to him, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### COUNT III – UNJUST ENRICHMENT
### (Against Kelly Glass & Mirror, Corp)

Plaintiff reincorporates and re-alleges paragraphs 1 through 21 as though set forth fully herein and further alleges as follows:

30. Plaintiff provided labor and services for Defendant, Kelly Glass & Mirror, Corp, and they received and accepted the benefits of the labor and services supplied by Plaintiff.

31. Plaintiff expected to be paid a reasonable value for the labor and services, he provided to and that he expended on behalf of Defendant, Kelly Glass & Mirror, Corp.

32. Defendant, Kelly Glass & Mirror, Corp, has been unjustly enriched in that they have failed and refused to make payment to Plaintiff for such benefits.

WHEREFORE Plaintiff, Derwuin Enrique Salas Chirinos, demands the entry of a judgment in his favor and against Defendant, Kelly Glass & Mirror, Corp, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 9th day of February, 2017.

Respectfully Submitted,

FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:   305.230.4884
Fax:  305.230.4844

*s/Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

7

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com  www.fairlawattorney.com*